IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-174-FL

| | |
|---|---|
| NADIE JONES, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)     ORDER<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 29, 30). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R and defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB") on October 3, 2008, alleging a disability onset date of July 30, 2007. His claim was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") on June 30, 2010, at which plaintiff was represented by counsel and a vocational

expert ("VE") appeared and testified. The ALJ issued decision denying plaintiff's request for benefits. On February 11, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. (See M&R 4-8.) Plaintiff does not object to the same, and as such, the factual history of the case as set forth in the M&R is incorporated by reference herein.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and

timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

At step one, the ALJ found that plaintiff was not engaged in gainful activity. At step two, the ALJ found that plaintiff suffered from various severe impairments, including gastroesophageal reflux disease ("GERD"), sleep apnea, chronic knee pain, and lumbar spondylosis with L4/L5 radiculopathic changes. (Tr. 11). The ALJ also found that plaintiff suffered from various non-severe impairments including, drug induced stroke and heart attack, headaches, history of cocaine abuse, and depressive disorder. (Id.) At step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work requiring no concentrated exposure to hazards and humidity

that has the following physical limitations: sit/stand option, occasional climbing, balancing, stooping, kneeling, crouching or crawling, frequent bilateral fingering and handling, and no repetitive reaching. The ALJ then determined that plaintiff could not perform his past relevant work. At step five, however, the ALJ determined plaintiff is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy.

B.   Analysis

Plaintiff lodges a single objection to the M&R, and asserts that the magistrate judge erred in concluding that the ALJ correctly found that plaintiff retains the RFC to perform light work. Upon review of the objection, the court finds it actually raises an argument as to the magistrate judge's review of the ALJ's determinations of plaintiff's credibility. (Pl.'s Obj. 4).

An individual's RFC is defined as that capacity which an individual possesses despite the limitations caused by his physical or mental impairments. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC assessment is based on all relevant medical and other evidence in the record and can include a plaintiff's own description of his limitations arising from certain symptoms. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). As plaintiff notes in his objection, when a plaintiff has a number of impairments, including some deemed not severe, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C. § 423(d)(2)(B); see Hines v. Bowen, 872 F.2d 56, 59 (4th Cir. 1989). The RFC assessment must include discussion of why reported symptom-related limitations and restrictions can or cannot be reasonably accepted as consistent with medical and other evidence. S.S.R. 96-8p; M&R 14. The RFC must consider and address medical source opinions and if the RFC conflicts with a medical source opinion, the ALJ must explain why the medical opinion was not adopted. Id.

4

As for credibility, as explained by the magistrate judge, the regulations provide a two-step process for evaluating subjective complaints of pain and symptoms. See Craig, 76 F.3d at 593-94; 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ determines whether plaintiff has a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. Craig, 76. F.3d at 594. If this requirement is met, the ALJ evaluates the actual intensity and persistence of the pain or other symptoms and the extent to which each affects a plaintiff's ability to work. Id. at 595. This second inquiry considers "all the available evidence," which includes objective medical evidence (i.e. medical signs and laboratory findings), medical history, a plaintiff's daily activities, and other considerations listed in detail in the M&R. See M&R 10-11; Craig, 76 F.3d at 595; 20 C.F.R. § 404.1529(c)(3). The ALJ may not discredit a plaintiff solely because his subjective complaints are not substantiated by medical evidence. Craig, 76 F.3d at 595. However, the ALJ does not have to accept all of plaintiff's statements at face value, but rather considers them "based on a consideration of the entire case record." S.S.R. 96-7p.

Plaintiff's objection to the M&R focuses primarily on the ALJ's assessment of plaintiff's credibility with regard to his back pain, and how this assessment led to the RFC findings. In support of his contention that the ALJ used the improper legal standard or misapplied the law, specifically that the ALJ failed to accept plaintiff's testimony concerning the extent of his limitations due to pain, plaintiff cites both his own subjective testimony at the administrative hearing and also points to various documents in the record that he contends support his descriptions of the severity of his pain.

In assessing plaintiff's credibility, the ALJ first found that the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. 15). However, the ALJ went onto find that plaintiff's statements concerning the intensity, persistence,

5

and limitations he experienced due to the symptoms were not credible because they were inconsistent with the RFC assessment. (Id.) As plaintiff notes in his objection, plaintiff complained of quite severe and debilitating pain at the administrative hearing. (See, e.g., Tr. 29). Plaintiff's objection cites several different portions of his medical records to suggest that the ALJ was incorrect in finding that these statements were not entirely credible. Specifically, plaintiff cites to an EMG nerve conduction study on August 25, 2009, that revealed chronic irritation of bilateral L4-L5 nerve root. (Tr. 375-76). The ALJ actually noted this study in his findings, considering this study in the context of similar examinations, including an August 10, 2009, visit in which plaintiff had "good range of motion of his back, hips, knees and ankles." (Tr. 13, 374).

Plaintiff then cites to a September 1, 2009, lumbar epidural injection that only afforded him temporary relief. The ALJ also acknowledged this, specifically citing plaintiff's diagnosis with lumbar spondylosis. (Tr. 14). Plaintiff cites to the MRI he received in the fall of 2009, also noted by the ALJ, (Tr. 14), and suggests that this MRI "did show spondylosis of the facet joint." (Pl.'s Obj. 5). Again, the ALJ also considered this evidence in his findings, and, as the court would note, accurately cited the exact language used by Dr. David C. Miller ("Dr. Miller") which described "*mild* spondylosis of the facet joints," and noted that the lumbar spine was well hydrated. (Tr. 14, 396) (emphasis added). The same report contains Dr. Miller's observation that it was an "essentially negative study." (Tr. 396). Finally, plaintiff cites to an April 2010, doctor's visit at which he complained of back and knee pain. While plaintiff did complain of back and knee pain on this date, the doctor's report also indicates that plaintiff was neurovascularly intact, had good strength, intact tendon reflexes, no clonus, and no spasticity. (Tr. 406). Dr. Miller also noted that plaintiff's previous sets of lumbar facet joint injections offered good relief. (Id.)

The court has considered each of the citations plaintiff makes to the record herein to illustrate that plaintiff's overall contention, that the ALJ improperly evaluated plaintiff's credibility with regard to his pain, is unfounded. In support for his argument that the ALJ did not consider the entire record, plaintiff cites to a number of documents that the ALJ *did* actually consider, among others, in finding that plaintiff's subjective complaints of pain were not entirely credible. Furthermore, the ALJ, magistrate judge, and defendant in its response, all cited to numerous portions of the record that indicate plaintiff's motor strength, reflexes, and sensation were generally intact (M&R 12), and that plaintiff's daily activities were inconsistent with the high levels of pain and debilitation he suggested he experiences constantly. (See Tr. 15, M&R 12-13, Def.'s Resp. 3).

Ultimately, what plaintiff asks the court to do is re-weigh certain evidence in the record to come to a different conclusion than the ALJ. However, that is not the court's role. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary") (citing Craig, 76 F.3d at 589). Instead, the court looks to see if the ALJ misapplied the law or used an incorrect legal standard and if the magistrate judge erred in his review of the ALJ. Plaintiff's objection reveals no such error on the part of the ALJ or magistrate judge, and the court's de novo review similarly reveals none. To the contrary, the ALJ engaged in a thoughtful consideration of the entire record and the magistrate judge's analysis was similarly thorough. The substantial evidence in the entire record does not support plaintiff's subjective descriptions of pain, and the RFC was properly assessed. Plaintiff's objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 30), DENIES plaintiff's motion for judgment on the pleadings (DE # 29), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 29th day of April, 2012.

LOUISE W. FLANAGAN
United States District Judge